JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | EDCV 24-02442-MWF (DTBx) | **Date:** May 28, 2025 |
| **Title:** | Andrew Velasquez v. Ally Financial | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: MOTION TO DISMISS [20]; MOTION TO AMEND [21]; ENTRY OF JUDGMENT

Before the Court are two motions (the "Motions"):

The first is Defendant Ally Financial Inc.'s ("Ally") Motion to Dismiss (the "MTD"), filed on April 25, 2025. (Docket No. 20). Plaintiff Andrew Velasquez did not file an Opposition.

The second is Plaintiff's Motion to Amend the First Amended Complaint (the "MTA") filed on April 30, 2025. (Docket No. 21). Ally filed an Opposition on May 12, 2025. (Docket No. 24). Plaintiff filed a Reply on May 14, 2025. (Docket No. 25).

The Motions were noticed to be heard on **June 2, 2025**. The Court read and considered the papers on the Motions and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, the MTD is **GRANTED** *without leave to amend*, and the MTA is **DENIED**. The action is hereby **DISMISSED**. Plaintiff has failed to state a viable claim for relief, and further amendment would be futile.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 24-02442-MWF (DTBx) | Date:  May 28, 2025 |
| Title:       Andrew Velasquez v. Ally Financial | |

## I.    LEGAL STANDARD

### A. Rule 12(b)(6)

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Twombly*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | EDCV 24-02442-MWF (DTBx) | Date:  May 28, 2025 |
| Title: | Andrew Velasquez v. Ally Financial | |

### B. Rule 15

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished) (same).

## II.   DISCUSSION

### A. Motion to Dismiss

As explained in the Court's prior Order Granting Defendant's Motion to Dismiss, Docket No. 17 (the "Prior Order"), Plaintiff's lack of opposition is itself a sufficient basis for granting the MTD.  *See* Local Rule 7-12; *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (plaintiff who failed to address issues raised in a defendant's motion to dismiss in his opposition brief "has effectively abandoned his claim, and cannot raise it on appeal").

However, the Court also determines that the Motion should be granted on the merits.  The First Amended Complaint ("FAC") is hard to follow, contains very little factual allegations, and lists no specified causes of action outside of the caption.  (*See generally* Docket No. 18 ("FAC")).  The body of the FAC simply lists various questions Plaintiff has regarding his application for credit.  (*Id.* at 3–4).  These allegations hardly contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 24-02442-MWF (DTBx) | Date: May 28, 2025 |
| Title: Andrew Velasquez v. Ally Financial | |

Accordingly, the MTD is **GRANTED**.

### B. Motion to Amend

The Court concludes that leave to amend should not be granted. Even in the absence of bad faith and undue delay, the remaining factors weigh against further amendment. Repeated amendments, of course, prejudice Ally by requiring a written response. And the Prior Order warned Plaintiff that he would only get one more opportunity to amend his Complaint. (Prior Order at 13).

More importantly, granting leave to amend would be futile. Plaintiff has already amended his complaint once in response to the Prior Order. And while Plaintiff has proposed certain amendments, the amendments would not cure the deficiencies identified in this Order or the Prior Order.

Plaintiff still fails to identify any viable claim for relief. (*See* MTA at 3). The proposed amended complaint seeks to assert federal claims under an unspecified provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. §§ 5301, et seq., and "SEC Regulation AB." (Docket No. 21-1 at 3–4). As Ally correctly notes, however, several courts have held that no such private right of action exists under the Dodd-Frank Act. *See Jones v. Bank of Am., N.A.*, CV 18-5631-FMO (JEMx), 2020 WL 4819699, at *6 (C.D. Cal. Mar. 16, 2020) (collecting cases); *Lewis v. Navient Corp.*, No. 20-cv-572-AT-JSA, 2020 WL 10142125, at *3 (N.D. Ga. Apr. 2, 2020) (explaining courts "have repeatedly found that individual consumers cannot sue under Dodd-Frank" for "unfair, deceptive, abusive, or misleading conduct").

There similarly appears to be no private right of action for the relief Plaintiff seeks under the unspecified provision of "SEC Regulation AB." *See El Paso Cnty., Tex. v. Bank of New York Mellon*, No. A-12-CA-705-SS, 2013 WL 285705, at *3 (W.D. Tex. Jan. 22, 2013); *Potter v. Hughes,* 546 F.3d 1051, 1064 (9th Cir.2008) ("[A] court may not infer a private right of action from a federal statute unless Congress has displayed 'an intent to create not just a private right of action but also a private remedy.'") (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 24-02442-MWF (DTBx) | **Date:** May 28, 2025 |
| **Title:** Andrew Velasquez v. Ally Financial | |

Accordingly, MTD is **GRANTED** *without leave to amend*, and the MTA is **DENIED**. The action is hereby **DISMISSED**.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.